[No. 15639. Department Two. March 23, 1920.]

Peerless Pattern Company, *Appellant*, v. Mollie Whitmore *et al.*, *Respondents*.[1]

Appeal (432)—Review—Harmless Error—Party Not Entitled to Succeed in any Event. Where plaintiff could not, in any event, recover for its loss of profits, an erroneous instruction on that subject was harmless.

Appeal from a judgment of the superior court for Yakima county, Taylor, J., entered June 14, 1919, upon the verdict of a jury rendered in favor of the defendants, in an action on contract, after trial on the merits. Affirmed.

· *Roberts & Udell,* for appellant.

*Snively & Bounds,* for respondents.

· Tolman, J.—Appellant, as plaintiff below, brought this action to recover from respondents upon two causes of action; the first, for merchandise alleged to have been sold and delivered under a written agreement executed August 12, 1913, by its terms to remain in force for a period of five years; the second, for damages arising from an alleged breach of the contract while it

[1]Reported in 188 Pac. 386.

still had four years to run. Respondents by their answer, in addition to other denials, denied the execution of the contract sued upon, and affirmatively pleaded the execution of a different contract; alleged facts constituting breaches of the contract by appellant, and that, by reason of such alleged breaches, respondent had refused to proceed further under the contract, or accept subsequent shipments of goods; and pleaded full payment had been made for all goods received. The case was tried to a jury, which found a verdict for respondents, and this appeal is from the judgment entered thereon.

The first paragraph of the contract, if no changes were made from the printed form, would read:

"Ship us in display cabinets (loaned) an assortment of PEERLESS PATTERNS, including the ...... issue, amounting to $300 at six (6) cents each, payable: half in 30 days after shipment, and balance to remain on standing debit, until termination, at 6% interest, payable semi-annually in January and July."

Whereas that paragraph of the contract which appellant introduced in evidence, while on a printed form, is so changed by erasures and typewritten interlineations, which respondents testify must have been made after they had signed it, as to read:

"Leave with us in display cabinets (loaned) an assortment of PEERLESS PATTERNS, stock on hand, amounting to $300 at six (6) cents each, payable $100 paid for and the balance to remain on standing debit, until termination, at 6% interest, payable semi-annually in January and July."

Respondents further testified that, at the time of executing the contract, they had on hand, purchased from a local merchant, who had theretofore handled appellant's line, and paid for by them to him, about $350 worth of patterns manufactured by appellant,

which thus became their own property and that appellant never had shipped them the stock or cabinets which the contract, as they contend it was, called for, and that they therefore never became liable to appellant for any standing debit as defined by the contract in either form.

Most of appellant's contentions here arise from the divergence of views as to what the contract really was; but, after a painstaking study of the evidence as shown, we are satisfied that there was evidence sufficient to go to the jury, and that the jury was properly instructed upon this phase of the case.

Upon the second cause of action, appellant complains of the following instruction:

"There is no room for compromise in regard to the amount of such profits and if you allow the plaintiff anything for loss of profits, you must allow it the full amount of the profits it lost for the full term of the contract, as disclosed by the evidence."

The only evidence in the case as to the loss of profits was given by an officer of appellant, and his testimony was very clear and exact as to what that loss was. Appellant does not very clearly point out any reason why, under the state of the record, this instruction was erroneous, and the only reason that now occurs to us which might be urged against it is that it in effect told the jury that, if they found respondents had breached the contract, the jury were bound to accept the uncontradicted testimony of an interested party in its entirety as to the loss occasioned thereby. Assuming, without deciding, that the instruction was erroneous in that respect, may appellant now complain? In answer to special interrogatories submitted by the trial court, the jury found that the contract was breached by appellant in every particular that respondents claimed, and if so breached, of course, appellant could

not, under any form of instructions, have or maintain a verdict in any amount for its lost profits. If there was error in the instruction referred to, it was there-fore harmless. We have carefully considered all of the other points raised by appellant in its brief and the oral argument, and find no reversible error.

The judgment appealed from is affirmed.

Holcomb, C. J., Bridges, Fullerton, and Mount, JJ., concur.